**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)     *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASHANTI DILLARD,** | : | **Civil Action No.** |
| 24 Rose Lane | : | |
| Bryn Mawr, PA 19010 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **CHILDREN'S HOSPITAL OF** | : | |
| **PHILADELPHIA,** | : | |
| **100 Penn Square East** | : | |
| **Philadelphia, PA 19107** | : | |
| | : | |
| **3401 Civil Centre Boulevard** | : | |
| **Philadelphia, PA 19104** | : | |
| Defendant. | : | |

### CIVIL ACTION

Plaintiff, Ashanti Dillard (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Children's Hospital of Philadelphia (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Children's Hospital of Philadelphia is a children's hospital with a location at 100 Penn Square East, Philadelphia, PA 19107 and with a corporate headquarters located at 3401 Civil Center Boulevard, Philadelphia, PA 19104.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2022-00911 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated June 1, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff worked for Defendant from on or about November 14, 2011 through on or about November 9, 2021, the date of her unlawful termination.

21. Plaintiff was hired in the position of Accounts Receivable Representative.

22. In September 2012, Defendant promoted Plaintiff to Billing Specialist.

23. At all times relevant hereto, Plaintiff was well-qualified for her job and performed her job duties in a satisfactory manner.

24. By way of background, Plaintiff suffers from Situational Anxiety Disorder which is a disability as that term is defined by the ADA and PHRA in that it substantially limits or limited one or more of her major life activities, including, but not limited to, sleeping, eating, and interacting with others.

25. In or about mid-March of 2020, Defendant required that Plaintiff and her colleagues work remotely due to the COVID-19 pandemic.

26. Thereafter, Plaintiff continued to perform the essential functions of her position while working remotely.

27. On or about May 7, 2021, Defendant announced that it would begin scheduling employees to return to the office beginning on June 1, 2021.

28. Due to her disability, Plaintiff was not medically able to return to work in accordance with Defendant's schedule.

29. In connection therewith, in or about May 2021, Plaintiff apprised Aldo DiDomenico ("DiDomenico"), Director of Revenue Cycle and Finance, of same and requested that Defendant accommodate her disability.

30. In response thereto, DiDomenico flatly denied Plaintiff's accommodation request.

31. As a result of DiDominico's failure to accommodate her disability, Plaintiff again conveyed her request to Heather Davis ("Davis"), Senior Human Resource Business Partner, and specifically inquired as to whether she could continue working remotely as a reasonable accommodation for her disability.

32. Davis informed Plaintiff that she could use scheduled Paid Time Off ("PTO") for her scheduled in-office days.

33. Plaintiff proceeded to inform DiDominico of Davis' instructions.

34. However, Davis then informed Plaintiff that she could not use her scheduled PTO and that her only option was to utilize unscheduled PTO every time she was required to report to the office, thereby subjecting her to disciplinary action.

35. As said suggestion was not a plausible solution, Plaintiff submitted her request for reasonable accommodation to Defendant's Occupational Health department on or about June 18, 2021 and included documentation from her treating physician.

36. However, on or about June 30, 2021, DiDomenico and Davis denied Plaintiff's accommodation request without any explanation.

37. Significantly, it would not have been an undue hardship for Plaintiff to continue working remotely and nondisabled Billing Specialists, including, but not limited to, Geraldine Adams, were permitted to continue working remotely.

38. Based on Defendant's failure to engage in the interactive process and failure to accommodate her disability, Plaintiff was forced to commence a medical leave of absence on or about July 14, 2021.

39. On or about October 6, 2021, Plaintiff returned to work at Defendant.

40. Upon Plaintiff's return to work, Domenico and Mary Anne Della Santa ("Della Santa"), Division Manager of Billing Operations, subjected her to discrimination and retaliation based on her disability and need for an accommodation.

41. By way of example, Domenico and Della Santa subjected Plaintiff to unwarranted criticism of her work product and spoke to her in a rude and dismissive manner.

42. By way of further example, on or about November 4, 2021, Della Santa issued Plaintiff a disciplinary warning due to her attendance.

43. On or about November 9, 2021, Defendant abruptly terminated Plaintiff's employment, allegedly because she had failed to abide by Defendant's COVID-19 vaccination mandate.

44. However, Plaintiff had submitted a religious exemption form and thus was not required to be vaccinated.

45. Based on the foregoing, Plaintiff believes and avers that Defendant's articulated reason for her termination was pretextual and that her employment was actually terminated in retaliation for her need for accommodation and/or because of her actual and/or perceived disability and/or record of impairment.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

47. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

48. Plaintiff was qualified to perform the job.

49. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

50. Circumstances indicated that Plaintiff's disability were the reason for the adverse employment action.

51. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

52. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

53. The purported reason for Defendant's decision is pretextual.

54. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

55. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

56. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

58. Plaintiff is a "qualified individual with a disability" as that term is define under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

59. Plaintiff was qualified to perform the job.

60. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

61. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

62. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

63. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

64. The purported reason for Defendant's decision is pretextual.

65. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

66. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

67. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RETALIATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

68. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

69. Plaintiff engaged in activity protected by ADA when she requested a reasonable accommodation.

70. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

71. There exists a causal connection between Plaintiff's participation of the protected activity

and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

72. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

73. Plaintiff engaged in activity protected by the ADA when she requested a reasonable accommodation.

74. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

75. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ashanti Dillard, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: August 29, 2022		By:	/s/ David M. Koller
					David M. Koller, Esquire (90119)
					Jordan D. Santo, Esquire (93383)
					2043 Locust Street, Suite 1B
					Philadelphia, PA 19103

215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*